IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARROWS UP, LLC,<br>　　*Plaintiff*,<br><br>v.<br><br>US SILICA HOLDINGS, INC. and,<br>SANDBOX LOGISTICS, LLC,<br>　　*Defendants*. | CASE NO. |

## ORIGINAL COMPLAINT

For its complaint against Defendant SandBox Logistics, LLC ("SandBox") Plaintiff Arrows Up, LLC ("Arrows Up") alleges:

## PARTIES

1. Plaintiff Arrows Up is a limited liability company organized under the laws of the State of Colorado and has its principal place of business at 3 W. College Drive, Arlington Heights, IL 60004.

2. U.S. Silica Holdings, Inc. ("US Silica") is a Delaware Corporation having a place of business at 24275 Katy Freeway, Suite 100 Katy Texas 77494.

3. SandBox Logistics, LLC ("SandBox") is a Texas limited liability company having its principal place of business at 3200 Southwest Freeway, 13th Floor, Houston, Texas 77027.

4. SandBox Logistics LLC is wholly owned by U.S. Silica Holdings, Inc.

5. US Silica and SandBox are collectively referred to herein as "the Defendants."

## NATURE OF ACTION, JURISDICTION AND VENUE

6. This is an action for patent infringement under the Patent Act, 35 U.S.C. § 1 et seq.

7.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question) and § 1338 (Patent, Trademark and Unfair Competition).

8.  Venue is proper under 28 U.S.C. § 1400(b).

## FACTS COMMON TO ALL COUNTS

9.  Arrows Up is the owner through assignment of U.S. Patent No. 9,617,065 issued April 11, 2017 ("the '065 Patent"), which is valid and enforceable. The '065 Patent is directed to a bulk material shipping container. A true and correct copy of the '065 patent is attached as Exhibit A.

10. Prior to October 2010, the inventors on the '065 Patent began working on the development of containers suitable for use in storing and transporting a variety of granular materials. Granular materials are materials formed of small grains or particles, such as pellets or sand.

11. As part of their work on granular containers, the inventors of the '065 Patent made several inventions relating to such containers and, on October 28, 2010, filed a patent application disclosing and claiming various aspects of their novel designs. The inventors of the '065 Patent filed a number of additional patent applications claiming priority to the October 28, 2010 filing, one of which issued as the '065 Patent referenced above.

12. Beginning in the summer of 2011 and for some time thereafter, John Oren, currently a Director of Defendant SandBox, began developing containers for use in storing proppant sand, which is one type of granular material.

13. The sand storage containers developed by Mr. Oren in the 2011 timeframe were similar in shape and size to ocean freight containers (*i.e.,* were generally rectangular in nature with one long side and two short sides), typically included internal braces or support structures,

and included hatches that would swing down to open and release stored materials. Additionally, the containers designed by Mr. Oren at that time were such that they could not be stacked one on top of the other and required the use of spacer elements if stacking was desired. Such rectangular, swinging-hinge, non-directly stacking containers are reflected, for example, in the figures found in the patent applications filed by Mr. Oren in that time frame. For example, on December 21, 2011, Mr. Oren filed U.S. Patent Application No. 13/332,937. Figures 3-6 of that application, reproduced below, discloses a rectangular container with internal support braces 90 and 92 and outwardly swinging bottom hatch 22.



14. As Mr. Oren worked on developing sand containers he took steps to become aware of work others were doing that could be used to transport sand, including containers capable of transporting a variety of granular materials such as the ones developed by the Arrows Up inventors.

15. On June 21, 2012, one of the patent applications filed by the Arrows Up inventors on the '065 Patent was published by the United States Patent and Trademark Office as United States Published Patent Application US2012/0152798A1. That published patent application disclosed various details of granular material storage containers developed by the Arrows Up inventors on the '065 Patent. In particular, it showed a container for granular materials that did not take the form of an ocean freight container but, instead, was relatively cube-like in shape and included, among other things: (a) a base structure comprising a pallet that had openings suitable for the receipt of forklift tines; (b) a lower sliding gate for removing material from the container; (c) external support elements to fortify the walls and enable the storage of heavier contents; and (d) stacking elements that permit the containers to be stacked one atop the other without the use of spacers.

16. After the June 21, 2012 publication of the referenced Arrows Up published patent application, the sand container designs of Mr. Oren began to transition from the ocean container, swinging-hinge, not directly stackable designs to designs, like the design in the Arrows Up patent application published on June 21, 2012, that were generally cube-like in shape and that included a base designed to receive forklift tines, a lower sliding gate, external wall-support elements and stacking elements that permitted the stacking of containers one atop the other without the use of spacers.

17. Mr. Oren [SandBox] eventually developed a commercial design for a sand container that has been made, used, sold (in term of lease for use), and offered for sale (through a lease) by SandBox (the "Accused Products").

18. On information and belief, the Accused Products have also been used, sold (in term of lease for use), and offered for sale (through a lease) by U.S. Silica in connection with the offering of its silica products.   The allegations in this paragraph have evidentiary support and will likely have additional evidentiary support after a reasonable opportunity for investigation and discovery.

19. The general design of the Accused Products is reflected in the publically-available images set forth below and in United States Patent No. 9,340,353 ("the '353 Patent"), which issued to Oren Technologies, LLC on an application filed well after the application that resulted in the '065 Patent (the asserted patent).







**FIG. 9A**



20.     As the above images and disclosure of the '353 Patent reflect, that, like the design in the Arrows Up patent application published on June 21, 2012, the container offered by Defendants incudes an integrated pallet designed to receive forklift tines, a lower sliding gate, external wall-support elements and stacking elements that permitted the stacking of containers one atop the other without the use of spacers.

21.     As set forth in more detail below, the Accused Products infringe the '065 Patent.

## COUNT I

### Infringement of the '065 Patent

22. The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

23. Defendants have committed acts of direct patent infringement of the '065 Patent at least by making, using, selling, and offering to sell, the Accused Products, as described therein.

24. In addition to directly infringing the '065 Patent through making, using, selling, and offering to sell the Accused Products, the use of Defendants' Accused Products by others, as intended by Defendants and in accordance with instructions provided by Defendants, directly infringes the '065 Patent. Specifically, Defendants sell their Accused Products to customers in the United States with the expectation and intent that such customers will use Accused Products thereby directly infringing the '065 Patent. As such, Defendants have induced infringement of the '065 Patent.

25. Defendants' Accused Products are not staple articles of commerce and have no substantial uses that do not infringe the '065 Patent. Specifically, because Defendants' Accused Products themselves infringe the '065 Patent, any use or sale thereof infringes the '065 Patent. As such, Defendants' sale and offering for sale of Defendants' Accused Products also constitutes contributory infringement of the '065 Patent.

26. Defendants' Accused Products infringe at least claim 1 of the '065 Patent as set forth more full below.

27. Defendants' Accused Products are material shipping containers that include a pallet as reflected in the image below and in the disclosure of the '353 Patent of the structure

containing features 901 in Figure 9B of the '353 Patent (that indicates "slots, by which a forklift 34 can lift and position the plurality of containers 900").



28. Defendants' Accused Products include a compartment mounted on and supported by the pallet, the compartment including: a top wall having first, second, third, and fourth corners, a front exterior wall, a back exterior wall, a first exterior side wall, and a second exterior side wall, a front exterior wall support bracket connected to an exterior side of the front exterior wall, a back exterior wall support bracket connected to an exterior side of the back exterior wall, a first side exterior wall support bracket connected to an exterior side of the first exterior side wall, and a second side exterior wall support bracket connected to an exterior side of the second exterior side wall. This is reflected in the image below and the disclosure of the '353 Patent of structure containing features 904 in Figures 9A and 9B of the '353 Patent (indicated as a top of the container); features 901A1, 901A2, 901B1, 901B2 in Figures 9A and 9B of the '353 Patent (indicated as "two sets of parallel sides"); and features 902 in Figures 9A and 9B of the '353 Patent (indicated as a frame "for the structural support and positioning of each container 900").



29.     Defendants' accused products include a plurality of wedge shaped interior bottom wall supports including: (i) a front wedge shaped bottom wall support; (ii) a back wedge shaped bottom wall support; (iii) a first side wedge shaped bottom wall support; and (iv) a second side wedge shaped bottom wall support and an interior bottom wall defined by a plurality of attached downwardly angled sections including: (i) a front downwardly angled section including opposing spaced apart side edges; (ii) a back downwardly angled section including opposing spaced apart side edges; (iii) a first side downwardly angled section including opposing spaced apart side edges; and (iv) a second side downwardly angled section including opposing spaced apart side edges; where each of the downwardly angled sections has a lower edge which at least partially forms a material release opening at a bottom of the compartment where the downwardly angled sections are attached to and supported by: (i) the front exterior wall; (ii) the back exterior wall; (iii) the first exterior side wall and the second exterior side wall.  This is reflected in the images below and in the disclosure of the '353 Patent including the structures defining the "plurality of inclined lower inner portions 922 of the container 900" shown in Figure 9C of the '353 Patent

(which are supported by wedge shaped supports, that are visible in Figures 9A, 9B, and 9C of the '353 Patent).



30. Defendants' Accused Products include a first, second, third and fourth tubular nesting supports configured to at least partially support a pallet of another same material shipping container. This is reflected in the images below.





FIG. 9A

31.     Defendants' Accused Products include a material unloading assembly positioned at a bottom of the compartment, the material unloading assembly including: a plurality of spaced apart guide rails connected to and supported by the pallet; and a slidable gate movable from a closed position to an open position, the slidable gate partially supported by the spaced apart guide rail. This is reflected in the sliding gate discharge structure of the Accused Devices (not clearly directly visible in the images identified herein) and in the disclosure of the '353 Patent that includes the structure defining the feature 933 in Figure 9D of the '353 Patent (indicated as tracks located on the bottom of the container) and feature 932 in Figure 9D of the '353 Patent (indicated as a "flow gate 932 is positioned within tracks 933 located on the bottom 906" of the container).

32. Defendants' Accused Products include a material loading assembly attached to the top wall of the compartment, the material loading assembly including a cover attached to the top wall of the compartment and moveable from a closed position to an open position, wherein in the closed position, the cover engages a lip extending upwardly from the top wall of the compartment, and wherein in the open position the cover remains attached to the top wall of the compartment. This is reflected in the images below and in the disclosure of the '353 Patent that includes the structure defining feature 905 in Figure 9A and 9C of the '353 Patent (indicated as "an inlet" of the container); feature 914 in Figure 9A and 9C of the '353 Patent (indicated as "a door" of the container that "can provide a seal, or an air-tight and water-tight connection, to the container 900"); and Figure 9C of the '353 Patent (which shows a lip extending upwardly from the top wall of the compartment).




FIG. 9A

33. At all relevant times, Plaintiff has complied with any applicable obligations required by 35 U.S.C. § 287.

34. Defendants' infringement of the '065 Patent was and is willful. Despite knowing of the '065 Patent, and knowing that its actions infringe the '065 Patent, Defendants engaged in, and continue to engage in, acts that infringe the '065 Patent.

35. Arrows Up has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Arrows Up in an amount that adequately compensates it for, which, by law, cannot be less than a reasonable royalty, together with interest and costs, including lost profits, as affixed by this Court under 35 U.S.C. § 284.

## PRAYER

**WHEREFORE**, Arrows Up requests judgment against Defendants as follows:

1. An award of damages, increased as deemed appropriate by the court, under 35 U.S.C. § 284;

2. An award of attorneys' fees under 35 U.S.C. § 285;

3. An award of prejudgment interest and costs of the action;

4. An injunction preventing continuing infringement; and

5. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

June 26, 2017                                   Respectfully submitted,

                                                 /s/Robert J. McAughan
                                                 Robert J. McAughan, Jr.
                                                 TX State Bar No. 00786096
                                                 bmcaughan@smd-iplaw.com
                                                 David L. Terrell
                                                 TX State Bar No. 24063030
                                                 dterrell@smd-iplaw.com
                                                 SUTTON MCAUGHAN DEAVER PLLC
                                                 Three Riverway, Suite 900
                                                 Houston, TX 77056
                                                 (713) 800-5700 (T)
                                                 (713) 800-5699 (F)

                                                 *Attorneys for Plaintiff*