IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Arrows Up, LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| US Silica Holdings, Inc., and | § | 4:17-CV-1945 |
| Sandbox Logistics, LLC, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

# ORDER

Pending before the Court[1] is Defendant Sandbox's ("Defendant's") motion to compel document production from two third-parties, OmniTRAX and ShaleTECH ("Third Parties"). Motion to Compel, ECF No. 133. Defendant served subpoenas on them, requiring document production pursuant to FED. R. CIV. P. 45. Third Parties refused to produce any documents. They oppose Defendant's motion, asserting that compliance is required in Denver, Colorado and Weatherford, Texas and this Court is without jurisdiction to compel compliance with the subpoenas. Response, ECF No. 140 at 1 (citing FED. R. CIV. P. 45(d)(2)(B)(i)).

The Court agrees with Third Parties that Rule 45 vests authority to compel production in the "court for the district where compliance is required." FED. R. CIV. P. 45(d)(2)(B)(i). This Court is the issuing court of the subpoenas. The face of the subpoena issued to OMNI commands the custodian to produce documents in Denver, Colorado. ECF No. 133-1 at 9. Likewise, the face of the subpoena issued to ShaleTECH commands the custodian to produce documents in Weatherford, Texas. ECF No. 133-2 at 7. Thus, compliance is required in the District of Colorado and the Northern District of Texas, not the Southern District of Texas. Because compliance is in other districts, this Court does not have the authority to compel the subpoenas. *See, e.g., HISC, Inc. v. Franmar Internat'l Importers, Ltd.*, No. 16-cv-480-BEN(WVG), 2018 WL 2095738, at *2 (S.D. Cal. May 7, 2018) (issuing court does not have authority to *quash* subpoenas). Under Rule 45(f), the compliance court may transfer the motion to the issuing court, but only under exceptional

---

[1] This motion was referred to the undersigned judge and is appropriate for decision under 28 U.S.C. §636(b)(1)(A). *See* Notice of Referral, ECF No. 138.

circumstances if the subject of the subpoena does not consent to the transfer. Fed. R. Civ. P. 45(f); *see* 9A, Wright & Miller, Fed. Prac. & Proc. Civ. § 2463.1 (3d ed. 2019). Defendant's argument that production is in electronic form and therefore Third Parties' motion is a mere technicality is unavailing. Reply, ECF No. 144 at 3-4 (citing cases interpreting the 100-mile rule, not the jurisdiction of the court).

Accordingly, Defendant's motion to compel production is **DENIED**.

Signed on November 12, 2019.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**